THOMAS McDONNELL, Respondent, *v.* ANDREW J. ROBINSON COMPANY, Appellant, Impleaded with Another.

**Master and servant — when error to permit jury to predicate negligence upon failure of master to make and enforce rules.**

Where the only rules that a master could enforce would be those regulating the conduct of persons in its employ, or in some manner under its control, and there is no evidence, in an action by a servant for personal injuries, that the accident was due to the misconduct or the act of any agent, servant or employee of the master, nor is it shown that any suggested rule would have promoted the security of plaintiff or other employees, without a change in machinery or in the number of employees, it is error to permit the jury to predicate

negligence upon the omission of the master to make, promulgate and enforce rules for the protection of its employees.

*McDonnell* v. *Robinson Co.*, 143 App. Div. 905, reversed.

(Argued October 10, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 20, 1911, affirming, by a divided court, a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward P. Mowton* for appellant.  Before an employer can be held liable for an accident that has occurred and which it is claimed would not have happened had the employer made and enforced reasonable rules, it must first be established that the employer is responsible for the accident.  If the accident was occasioned through the act of some person over whose conduct the employer had no control, the question of rules would have no application whatever. (*Ehrenfried* v. *L. I. & S. Co.*, 89 App. Div. 130; 180 N. Y. 515.)

*William J. Carey* for respondent.  It was the duty of the defendant to promulgate rules which would give to the plaintiff reasonable protection, and he was bound to anticipate and guard against accidents which might reasonably have been foreseen. (*McDonnell* v. *Robinson*, 136 App. Div. 598; *Van Alstine* v. *S. L., H. & P. Co.*, 128 App. Div. 58; *Eastwood* v. *Retsof Mining Co.*, 86 Hun, 91, 97; *McCoy* v. *N. Y. C. & H. R. R. R. Co.*, 185 N. Y. 276; *Warn* v. *N. Y. C. & H. R. R. R. Co.*, 80 Hun, 71; *Fremont* v. *Boston & Maine R. R. Co.*, 111 App. Div. 831; 187 N. Y. 571; *Larow* v. *N. Y., L. E. & W. R. R. Co.*, 61 Hun, 11; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Campbell* v. *Long Island R. R. Co.*, 127 App. Div. 258; *Dowd* v. *N. Y., O. & W. R. R. Co.*, 170 N. Y. 459.)

WILLARD BARTLETT, J.   The plaintiff, a laborer in the employ of the defendant corporation, suffered the injuries of which he complains in this action, by falling from a hod-hoisting elevator in a building which the defendant was engaged in constructing.   The elevator was furnished to the defendant, together with an engineer to operate it, by another corporation.   It was used for the conveyance of building materials and its movements to and from the various floors were regulated by means of signals communicated to a somewhat powerful bell near the place where the engineer was stationed in the cellar by means of a bell rope in the shaft.   The engineer could not see the elevator when it was in the upper portions of the building, but ascertained its position by means of marks upon the hoisting cable.   The prescribed system of signaling, which seems to have been that in general use in the building trade in New York city for hod hoists, was one bell to raise the elevator; one bell to stop it when in motion ; two bells to lower it; and three bells to lower it slowly.   There were two signalmen in the service of the defendant, having duties relative to this hod hoist ; one at the bottom of the shaft, who notified the engineer when the elevator was properly laden and ready to be moved; and the other on the top floor, where he took off the full barrows which had been sent up, replaced them by empty barrows, and then gave the signal which indicated that the elevator was to be lowered.

At the time of the accident the plaintiff was engaged in similar work to that of the top signalman, except that he was on the fifth floor.   He was in the act of placing an empty barrow on the floor of the hoisting machine when suddenly and without any signal from him, the elevator shot upward, carrying him a short distance with it and then dropping him to the bottom of the shaft.

The testimony of the engineer indicates that this movement of the elevator was due to a signal received by him; but no signal appears to have been given by either of the

signalmen.  The signal rope in the shaft was accessible from every floor through which the hod hoist passed; and upon the evidence it is impossible to explain the accident except upon the theory that the plaintiff himself unwittingly touched the rope and gave the signal upon which the engineer acted when he moved the elevator upward, or else that it was given by some outsider — a fellow-servant of the plaintiff, an employee of one of the other contractors doing work upon the building, or an utter stranger.  The proof really leaves us entirely in the dark as to the origin of the signal which did the damage.

The plaintiff's testimony was such as to justify the jury in finding that he did not touch the rope himself or otherwise inadvertently give the signal.  If such were the fact, the accident would necessarily be attributable to outside interference.  The duty to guard against such interference, under circumstances where it is likely to occur in respect to machinery used in building construction, may well be imposed upon the master in a case like the present where the consequences to the servant may be so serious; and there might be no occasion to interfere with a recovery in behalf of the plaintiff if the defendant had been held liable only because of its failure to prevent access to the signaling apparatus on the part of unauthorized persons who had given the signal which led to the injury.

The jury, however, were permitted by the charge of the learned trial judge to predicate negligence upon the omission of the defendant to make, promulgate and enforce reasonable rules for the protection of its employees; and I am unable to perceive how this element of negligence enters into the case as presented by this record.

In the first place, the only rules that the defendant could enforce would be rules regulating the conduct of persons in its employ or in some manner under its control; and, as has already been pointed out, there is no evidence whatever that the untimely signal was due to

the misconduct or was the act of any agent, servant or employee of the defendant. All of its agents, servants or employees whose action in the premises is disclosed by the record appear to have conducted themselves with due diligence.

In the second place, it is not shown that any suggested rule would have promoted the security of the plaintiff or other employees of the defendant without some change in the construction of the hod hoist or increase in the number of signalmen. Such a change or increase would be, not the establishment of a rule merely, but a modification of the mechanism and method of operation — quite a different thing.

So far as the absence of rules may have been a basis for this verdict — and we cannot be sure that it was not the sole basis — the case is very much like *Morgan* v. *Hudson River Ore & Iron Co.* (133 N. Y. 666, 669), in which it was said: "It was left to the jury to say whether or not it was a case for rules, and if so, what particular rule should have been adopted. We know nothing with respect to the views entertained by the jury on these questions, except so far as they are indicated by their verdict for the plaintiff. It is not probable that they concluded that any definite rule should have been promulgated, but were content to hold that as the plaintiff was injured the defendant ought in some way to have prevented it, or in case it did not, respond to him in damages. Almost every conceivable injury that a servant receives in the course of his employment may in this way be submitted to a jury, and with the same result."

Justice to the defendant, in my opinion, demands that this case be tried again, without submitting any issue arising out of the allegation that the employer was chargeable with negligence in failing to provide suitable rules for the operation of the elevator. If the plaintiff is entitled to recover at all — and I do not mean to imply that he is not — it must be upon the ground that the

untimely movement of the hod hoist was caused by unauthorized interference with the bell rope against which the defendant ought to have guarded by the presence of additional signalmen or some change in construction which would have made the rope inaccessible to outsiders.

For these reasons I advise a reversal of the present judgment and the granting of a new trial, with costs to abide event.

CULLEN, Ch. J., HAIGHT, VANN, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.